IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| W. MASON BLACKBURN,<br>AIS #102855,<br><br>    Plaintiff,<br><br>v.<br><br>ROBERT L. BOWERS, JR.,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NO. 2:09-CV-463-TMH<br>)                             [WO]<br>)<br>)<br>)<br>) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

In this complaint filed under 42 U.S.C. § 1981 and 42 U.S.C. § 1983, W. Mason Blackburn ["Blackburn"], a state inmate, complains that his appointed attorney provided ineffective assistance during proceedings related to charges for sexual abuse and sodomy pending against him before the Circuit Court of Autauga County, Alabama. Blackburn seeks monetary damages and whatever other relief this court deems appropriate for the alleged violations of his constitutional rights. *Plaintiff's Complaint - Court Doc. No. 1* at 4, 9.

Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C.§ 1915(e)(2)(B)(i).[1]

---

[1] The court granted Blackburn leave to proceed *in forma pauperis* in this cause of action. *Court Doc. No. 3*. A prisoner who is allowed to proceed *in forma pauperis* will have his complaint screened under the provisions of 28 U.S.C. § 1915(e)(2)(B) which requires this court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## DISCUSSION

Blackburn asserts that Robert L. Bowers, Jr., the attorney initially appointed to represent him on criminal charges pending against him in the Circuit Court of Autauga County, Alabama, deprived him of a preliminary hearing and failed to challenge the validity of the indictment issued against him. *Plaintiff's Complaint - Court Doc. No. 1* at 7-8. Blackburn alleges the actions of counsel "equaled deficient performance and ... prejudiced his defense." *Id*. at 7. These claims entitle Blackburn to no relief in this cause of action.

### A.  42 U.S.C. § 1981[2]

Blackburn argues that the failure of his attorney to act in his best interests during state criminal proceedings violates his rights secured under 42 U.S.C. § 1981. This assertion, however, is without merit as the aforementioned code section, by its express terms, does not provide a cause of action to challenge the effectiveness of an attorney representing an accused in a state criminal action. Specifically, 42 U.S.C. § 1981 provides "a broad-based prohibition (and federal remedy) against racial discrimination in the making and enforcing of contracts." *Humphries v. CBOCS West, Inc.*, 474 F.3d 387, 393 (7th Cir. 2007). It is clear to this court that the claims presented herein do not implicate any right protected by § 1981. Consequently, Blackburn's assertion of a right to relief under 42

---

[2]The pertinent portions of this section read as follows: "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, [and] give evidence.... For purposes of this section, the term 'make and enforce contracts' includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(a)-(b).

U.S.C. § 1981 for the alleged deficient performance of his appointed counsel has no legal basis and is therefore subject to summary dismissal in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i). *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[3]

### B.  42 U.S.C. § 1983

To the extent the instant complaint can be construed as presenting claims under 42 U.S.C. § 1983, Blackburn is likewise entitled to no relief.  An essential element of such an action is that a person acting under color of state law committed the asserted constitutional deprivation. *American Manufacturers Mutual Ins. Company v. Sullivan*, 526 U.S. 40, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999); *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993).

> To state a [viable] claim for relief in an action brought under § 1983, [a plaintiff] must establish that [he was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law.... [T]he under-color-of-state-law element of § 1983 excludes from its reach "'merely private conduct, no matter how discriminatory or wrongful,'" *Blum v. Yaretsky*, 457 U.S. 991, 1002, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982) (quoting *Shelley v. Kraemer*, 334 U.S. 1, 13, 68 S.Ct. 836, 92 L.Ed. 1161 (1948)).... [Consequently,] state action requires **both** an alleged constitutional deprivation "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," **and** that "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982); *see Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 156, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978)."

---

[3]Although *Neitzke* interpreted the provisions of 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives contained in the present statute.

*American Manufacturers*, 526 U.S. at 49-50, 119 S.Ct. at 985 (footnote omitted) (emphasis in original).

The law is well settled that an attorney who represents an accused in criminal proceedings does not act under color of state law. *Polk County v. Dodson*, 454 U.S. 312 (1981); *Mills v. Criminal District Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) ("[P]rivate attorneys, even court-appointed attorneys, are not official state actors and ... are not subject to suit under section 1983."). Since the conduct about which Blackburn complains was not committed by a person acting under color of state law, the § 1983 claims asserted against defendant Bowers are frivolous as these claims lack an arguable basis in law. *Neitzke*, 490 U.S. at 327. Thus, these claims are due to be summarily dismissed in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i). It is further

ORDERED that on or before June 17, 2009 the parties may file objections to this Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not

appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 4th day of June, 2009.

       /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE